# AFFIDAVIT OF ROBERT MC CUTCHEON

I, Robert Mc Cutcheon, being duly sworn, depose and state as follows:

1. I am the Grievance Coordinator for the Rhode Island Department of Corrections.

2. The Department of Corrections has a Grievance Policy (No. 13.10) that has a two-tier level for filing inmate grievances. See attached policy.

3. The first level requires an inmate to file the complaint or grievance with the lowest level of the chain of command, and if unsuccessful to appeal to the Warden of the facility where the inmate resides.

4. The next avenue of an inmate's administrative remedy is to appeal to the Director, Ashbel T. Wall, II.

5. I am designated and sworn by the Director to receive and review all grievances at the final level.

6. I have reviewed the files of Plaintiff Angel L. Navarro, and can state that there is no record of the Plaintiff filing any grievances with my office.

Robert M. McCutcheon

Robert McCutcheon

Subscribed and sworn to before me in the City of Cranston, State of Rhode Island on this 8 day of April, 2008.

Notary Public

My Commission expires 09-09-09.

# RHODE ISLAND DEPARTMENT OF CORRECTIONS POLICY AND PROCEDURE

| | | | |
|---|---|---|---|
| | POLICY NUMBER: 13.10-1 DOC | EFFECTIVE DATE: 12/03/07 | PAGE 1 OF 15 |
| | REPEALS: 13.10 DOC | DIRECTOR: | Please use BLUE ink. |
| SECTION: INMATE RIGHTS | | SUBJECT: INMATE GRIEVANCE PROCEDURE | |

**AUTHORITY:** Rhode Island General Laws (RIGL) § 42-56-10 (22), Powers of the director; Lother v. Vose, C.A. No. 94-063IL (U.S. District Court of Rhode Island)

**REFERENCES:** ACA # 3-4271 (grievance procedure); RIDOC policy # 3.22 DOC, Union Representation in Employee Investigatory Interviews

**INMATE ACCESS?** X YES

**AVAILABLE IN SPANISH?** X YES

## I. PURPOSE:

To provide a procedure for the resolution of those inmate complaints, problems, and grievances that cannot be resolved informally.

## II. POLICY:

Legitimate inmate grievances should be resolved informally and at the lowest level of the chain of command. In those instances where a grievance cannot be solved on an informal basis, a structured grievance process as described herein is used to investigate and, where appropriate, resolve the grievance.

III. **PROCEDURES**:

A. Definitions:

1. Abuse - The filing of repetitive grievances addressing the same issue where sufficient time for response has not elapsed or where a valid response has been provided; the filing of an excessive number of grievances; the appeal of a grievance settled in the inmate's favor at a lower level; the filing of harassing grievances; or the intentional filing of emergency grievances which are not emergencies; or otherwise stated herein.

2. Departmental Grievance Coordinator - The individual responsible for coordinating and monitoring the Departmental Inmate Grievance Procedure.

3. Director - The Director of the Rhode Island Department of Corrections (RIDOC).

4. Emergency Grievance - A grievance processed by expedited methods to resolve an issue which presents a need for prompt disposition because the time is lapsing when meaningful action or decision is possible.

5. Extension of Grievance Procedure form - The form used by the Director or Warden/designee to request an extension of time in which to respond to a grievance.

6. Facility - An organizational component of RIDOC, including correctional institutions, correctional centers, detention centers, and the Health Care Services division.

7. Grievance - A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.

8. Informal Resolution Form - RIDOC's Request Form (commonly referred to as a "pink slip") is used for routine facility requests. In addition, it may be used by an inmate to request an extension of up to twenty (20) days of the Grievance Appeal Process.

9. Inmate - Any person in the custody of RIDOC.

10. Facility Grievance Officer - An employee of a RIDOC facility or functional unit designated by the Warden/designee to coordinate the Inmate Grievance Procedure.

11. Reimbursement - Monetary compensation which may be paid to an inmate based on the depreciated value of his/her lost or damaged property.

12. Warden/Administrator - The manager of a facility (as described in #6 above) or functional unit within RIDOC.

13. Working Days – days that are not weekends or holidays.

B. General:

1. Eligibility to File a Grievance - All inmates, sentenced, awaiting trial, in disciplinary confinement, protective custody or on Community Confinement are eligible to file grievances.

2. Limitations - A grievance may only be filed:

   a. concerning one subject matter;

   b. by the inmate directly affected by the alleged incident;

   c. within five (5) days of the actual situation/incident or within five (5) days after the inmate becomes aware of the actual situation/incident.

3. Discipline - Inmates are not subject to disciplinary charges for using the Grievance Procedure. (Exception: See Abuse of the Inmate Grievance Procedure.)

4. Assistance - All inmates in RIDOC's custody have access to the Inmate Grievance Procedure. An overview of this procedure is contained in the RIDOC Inmate Handbook. Special provisions are made to ensure access for the impaired, handicapped, illiterate or those with language barriers. Inmates may contact the counseling staff in their facility for assistance.

5. Grievable Areas of Facility Life

   a. Interpretation and application of policies, rules, and procedures of the facilities and/or Department;

b. Individual employee and/or inmate actions, including any denial of access to the Inmate Grievance Procedure other than as provided herein;

c. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure;

d. Property loss or damage;

e. Any other matter relating to access to privileges, programs, and/or services; conditions of care or supervision; and living facility conditions within the authority of RIDOC, except as noted herein.

6. Non-Grievable Areas of Facility Life

a. State and Federal laws and regulations;

b. State and Federal Court decisions;

c. Formulation of Departmental policies;

d. Discipline decisions;

e. Classification decisions;

f. Designation of an inmate as a Security Risk Group (SRG) or Protective Custody (PC) inmate (reviewed by Director / designee);

g. Decisions by qualified medical personnel related to an inmate's health;

h. Unlawful acts committed by inmate(s);

i. Matters beyond RIDOC's control including Parole Board decisions.

7. Abuse of the Inmate Grievance Procedure

a. Punishment or disciplinary actions do not result from an inmate's submitting a complaint or grievance unless the inmate demonstrates a pattern of abuse of this process by submitting clearly frivolous or repetitious grievances or knowingly false documents.

b. An inmate who files five (5) or more grievances in a week or twenty (20) or more in any consecutive 180-day period may be determined to be abusing the Inmate Grievance Procedure.

c. An inmate may be limited to not more than ten (10) active grievances at one time, not including any emergency grievance(s).

d. Abuse of the Inmate Grievance Procedure is determined by the Warden/designee of the inmate's facility.

1. A determination of abuse results in a limitation of the grievance process or on a particular subject.

(a) The Warden/designee establishes the length of limitation commensurate with the degree of abuse.

(b) The length of limitation may be for up to six (6) months and may be increased for second and subsequent abuse in increments not to exceed six (6) months.

(c) Inmates under limitation for abuse of the Inmate Grievance Procedure are allowed to file emergency grievances.

2. Abuse of the emergency Inmate Grievance Procedure may result in limitation of the use of the emergency Inmate Grievance Procedure, as well.

e. Notice of limitation is made in writing to the inmate and forwarded to the office of the Departmental Grievance Coordinator who has discretion to modify the Warden/designee's decision after consultation with him/her.

f. A limitation of access is communicated to the receiving facility upon transfer of an inmate and may be reviewed and modified by the receiving facility's Warden/designee.

g. A determination of abuse and any resulting limitation may be appealed to Level 2.

8. Terminations/Withdrawals

Inmates may terminate or withdraw grievances at any time during the grievance procedure. The inmate writes a letter to the facility Warden/designee or Director/designee requesting to terminate or withdraw his/her grievance. This letter is co-signed and dated by a Superior Officer. The Warden/designee notifies the appropriate administrators of the inmate's request and sends copies of the inmate's letter and any other relevant material to the Departmental Grievance Coordinator's office for filing.

C. Informal Request for Resolution of Grievance

1. Required Form - RIDOC Request Form ("pink slip") (Attachment 1). These forms are available in all housing units from boxes hung on the wall. A Block Officer or Superior Officer can direct inmates to the forms.

2. Inmates must first seek resolution at the lowest level in the chain of command.

3. A Request Form is completed by the inmate and sent to the appropriate individual for response/corrective action.

4. If the grievance is informally resolved to the inmate's satisfaction, no further action is required.

5. If, however, the grievance is not resolved informally (i.e., through the use of the Request Form), the inmate may use the formal 2-level Inmate Grievance Procedure.

6. A copy of the Request Form ("pink slip") and the grievance resolution is filed in the inmate's institutional folder.

D. Formal 2-Level Inmate Grievance Procedure

1. The following levels are used in an attempt to resolve inmate grievances:

a. Level 1 - Submitted to the Warden/designee of the facility/functional unit.

b. Level 2 - Submitted to the Director, through the Departmental Grievance Coordinator.

2. It is imperative that these two levels be utilized, each one in turn, from the Warden/designee of the facility (Level 1) to the Director of RIDOC (Level 2), until the grievance is either resolved at any level or denied through both levels.

3. Grievances are numbered, recorded, and returned to any inmate who attempts to omit the first level in an effort to seek redress at the next higher level. The responses on the grievances direct the inmate to use proper channels.

4. If an inmate does not receive a response within the allotted time frame at Level 1, he/she may appeal to Level 2. However he/she must attach his/her goldenrod copy of the Request Form from Level 1 to the grievance. The Departmental Grievance Coordinator confirms the grievant used Level 1 before sending an appeal to Level 2.

5. Level 1 – Warden/designee

a. The inmate must show that he/she attempted to resolve the grievance through the use of a Request Form ("pink slip").

b. If the grievance was not resolved through the use of a Request Form ("pink slip"), the aggrieved inmate obtains a Request for Resolution of Grievance form (Attachment 2) from:

(1) Any Superior Officer in his/her facility;

(2) The facility's Law Library or the Law Cart Clerk. The Library Officer ensures these forms are available.

c. Requests for a Request for Resolution of Grievance form are not denied under any circumstances.

(1) The inmate attaches a copy of the signed and completed Request Form ("pink slip") to the Request for Resolution of Grievance form.

(2) If he/she cannot provide the signed Request Form ("pink slip") for any reason, he/she provides a written statement as to why the signed and completed pink slip is not available and attaches the explanation to the Request for Resolution of Grievance form.

d. The inmate provides complete and accurate information which is legible on all copies of the self-carbonizing form:

(1) Circle "Level 1, Warden/designee"

(2) Name - Last, First, Middle Initial

(3) RIDOC Inmate Identification (ID) Number

(4) Circle Facility Where Residing

(5) Grievance - in the section marked "Part A - Inmate Request"; type or print clearly. It should contain the name of the facility where the alleged incident occurred. It should not contain remarks which are abusive, insulting, or unrelated to the problem. [If more space is required, the inmate may attach a separate sheet, in quadruplicate].

(6) Date

(7) Signature

e. Once the inmate has signed the Request for Resolution of Grievance form, he/she retains the goldenrod copy for his/her personal records. The remaining three (3) copies (white, canary, and pink) are sent to:

white and pink copies – Warden/designee
canary copy – Departmental Grievance Coordinator

The Warden/designee's response is written on the white and pink copies and the pink copy is returned to the inmate.

(1) <u>Emergency Grievance</u> – A grievance processed by expedited methods to resolve an issue which presents a need for prompt disposition because the time is lapsing when meaningful

action or decision is possible. The grievance must be plainly marked "EMERGENCY". It is evaluated to determine whether it is, in fact, an emergency request. If not, it is returned to the inmate for proper filing.

(2) Non-Emergency Grievance - The Warden's/designee's office. The grievance may be:

(a) given directly to a Superior Officer, Deputy Warden, or Warden/designee;

- He/she verifies the accuracy of the date and legibly signs and dates the form on all copies.
- The inmate's copy is then returned to him/her.
- The other copies are forwarded in accordance with this policy.

(b) sent through the mail;

(c) placed by the inmate into a locked mailbox at the entrance to the facility's dining area. In the case of segregation cellblocks or modules, such mailboxes are located in the day rooms.

All locked mailboxes identified as drop boxes for inmate grievances are opened at least once during each working day (Monday-Friday).

f. All grievances are taken to the Warden/designee's office on the day they are received. There they are date-stamped, assigned a number, and entered into a running log. A copy is forwarded to the Departmental Grievance Coordinator's office.

g. The Facility Grievance Officer conducts an investigation of the grievance and makes a recommendation to the Warden/designee. The Facility Grievance Officer's initial investigation includes a personal interview with the inmate. (See Attachment 3, Investigator's Report.)

h. The Warden/designee has ten (10) working days from the date on which the grievance is received in which to respond in writing to the inmate. The response should be complete and concise and entered on the Request for Resolution of Grievance form in the section marked "Part B - Response".

i. The pink copy is returned to the inmate. The canary copy and a copy of the Investigator's Report are sent to the Departmental Grievance Coordinator's office.

j. Upon receipt of the decision from the Warden/designee, the inmate has five (5) days to decide whether he/she will appeal to the second level of the grievance procedure. If the grievant is satisfied with the Warden/designee's response, the grievance procedure terminates at this point.

6. <u>Level 2 - Appeal to the Director</u>

a. If the grievance is not resolved at Level 1, the inmate has five (5) days to complete a Level 2 grievance. At Level 2, the inmate is afforded an outside review of his/her grievance.

b. He/she circles "Level 2, Director".

c. The Level 2 grievance may be:

(1) given directly to a Superior Officer, Deputy Warden, or Warden/designee;

(a) He/she verifies the accuracy of the date and legibly signs and dates the form on all copies.

(b) The inmate's copy (goldenrod) is then returned to him/her.

(c) The other copies are forwarded to the facility Warden/designee's office.

(2) sent through the mail;

(3) deposited by the inmate into a locked mailbox at the entrance to the facility's dining area. In the case of segregation cellblocks or modules, such mailboxes are located in the day rooms.

All locked mailboxes identified as drop boxes for inmate grievances are opened at least once during each working day (Monday-Friday).

d. When Level 2 grievances are conveyed either to a Superior Officer or by placement in a locked mailbox, they are forwarded to the Warden/designee using the same procedures described for Level 1.

e. The Warden/designee forwards the grievance, along with any previous responses, decisions, and investigative reports relative to the grievance, to the Departmental Grievance Coordinator. He/she follows the same procedure outlined in Level 1.

f. At the Departmental Grievance Coordinator's office all grievance appeals and supplementary materials are date-stamped, assigned a RIDOC grievance appeal number, entered into a monthly log, and given to the Departmental Grievance Coordinator for review.

g. Upon receipt of the appeal of the previous decision, the Departmental Grievance Coordinator conducts an investigation.

h. Based upon that investigation, the Director/designee makes a decision on the appeal within twenty (20) working days of receipt of the complete package of materials pertaining to the grievance. This decision must be in writing and is forwarded to the inmate via the pink copy of the form. The white copy is filed in the office of the Departmental Grievance Coordinator. The canary copy and a copy of the Investigator's Report are sent to the Warden/designee at the facility where the inmate is housed and filed appropriately. If it will take more than twenty (20) working days to decide on an appeal, the Departmental Grievance Coordinator sends the inmate/grievant a letter telling him/her it will take more than twenty (20) working days to decide on his/her appeal and includes a date by which the inmate may expect a response.

7. Investigator's Report (Attachment 3)

a. The Investigator's Report form is completed by either the Departmental Grievance Coordinator (for Level 2) or any other person designated by the grievance recipient. The inmate's name and RIDOC identification number must always be included on the form.

b. The Facility Grievance Officer is the Investigator for all facility and functional unit Level 1 grievances. He/she thoroughly investigates every grievance filed in his/her facility. The investigator determines the validity of the grievance in light of facts, discrepancies, disparities in disposition, and/or other pertinent information. Specifically, he/she may review any files and memoranda and interview any witnesses or persons who may be able to provide pertinent and/or relevant information.

c. In cases where a specific unit is referred to in the complaint, the Investigator always interviews the unit manager and includes his/her comments.

d. The Investigator makes conclusions based on findings and prepares a draft response which is submitted to the person to whom the grievance is directed for his/her review.

e. The time limit for the Investigator's response is five (5) working days.

f. NOTE: If the grievance contains a complaint against a specific member of a collective bargaining unit, that person receives a notification letter. He/she prepares a written report in response to the allegation(s) contained in the grievance. Collective bargaining unit officials receive a copy of their union member's notification letter.

g. Employees or inmates who appear to be involved in a matter are prohibited from participating in any capacity in the investigation.

8. Grievance Extensions:

Each level of the Inmate Grievance Procedure may be extended.

a. If an inmate needs more than five (5) days in which to gather information and/or documents to support his/her grievance, he/she may request a twenty (20) day filing extension. The inmate must complete a Request Form (Attachment 1), commonly referred to as a "pink slip." He/she identifies the particular grievance, requests an extension not to exceed twenty (20) days, and sends the Request Form to the Departmental Grievance Coordinator.

Level 1 – the Request for a filing extension is sent to the Warden/designee.

The Warden/designee responds to the inmate's request for a filing extension within ten (10) working days.

b. Level 2 – the Request Form for a filing extension is sent to the Departmental Grievance Coordinator.

The Departmental Grievance Coordinator responds to the inmate's request for a filing extension within twenty (20) working days.

c. Warden/Designee or Director/Designee Request for Extension:

The Warden/designee or Director/designee completes an Extension of Grievance Procedure form (Attachment 4) and forwards it to the Departmental Grievance Coordinator's office for filing.

d. Departmental Review Extension:

When the resolution of a grievance may result in a Departmental policy or facility procedure change, or the subject matter of the grievance is of a complex nature, the Director/designee may extend the grievance procedure no longer than one hundred and eighty (180) days from the filing of the Level 1 grievance. In such cases, the Departmental Grievance Coordinator notifies the grievant that a policy must be changed to resolve the grievance. It may take the full one hundred eighty (180) days to make a department-wide change. The Departmental Grievance Coordinator is authorized to take temporary remedial measures to resolve the grievance in the interim.

e. Exhaustion of Extensions:

Once all extensions have been exhausted, and if the grievant still desires to seek further action, he/she may attempt to have the matter addressed in the court system.

9. Grievance Log:

a. Grievance logs for the recording of grievances are maintained in the Warden/designee's and Departmental Grievance Coordinator's offices.

b. Upon receipt of a grievance at either of the two (2) levels, the following information is entered into the log:

(1) Assigned number of the grievance;

(2) Date grievance was received;

(3) Inmate's name and RIDOC identification number;

(4) Facility where incident occurred;

(5) Subject of grievance;

(6) Decision made on prior level (including informal resolution)

c. Access - Grievance logs are kept in notebooks or in computers. They are readily available to officials at either of the two (2) grievance levels and other appropriate staff. This limited access to grievance information is intended to minimize risks to security, protect the safety of individuals, and assure privacy interests protected by law.

10. Institutional Remedies

When a Level 1 or Level 2 grievance is resolved in favor of the grievant, the facility Warden/designee or the Departmental Grievance Coordinator has at his/her discretion, the following remedies:

a. Restitution or Monetary Compensation - Monetary reimbursement is based on the depreciated value of lost or damaged property.

b. If possible, the grievant produces/provides any receipts necessary to assist in determining the cost of lost or damaged property.

c. It is the responsibility of the grievant to provide clear evidence of misconduct or negligence on the part of RIDOC or its employees.

d. Changes in facility procedures.

e. Correction of inmate records.

f. Other remedies, as appropriate.