UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANGEL NAVARRO

V. C. A. NO. 08-012 ML

A. T. WALL, ET AL

DEFENDANTS' WALL AND WEEDEN'S
OBJECTION TO PLAINTIFF'S MOTION FOR DISCOVERY

Now come Defendants Wall and Weeden and hereby object to Plaintiff's motion for discovery as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS
By Their Attorney,

/S/ Michael B. Grant

______________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 13th day of May, 2008, I mailed a true copy of the within Defendants' Objection To Plaintiff's Motion for discovery and accompanying Memorandum to Angel Navarro, P. O. Box 8200, Cranston, R. I. 02920.

/S/ Michael B. Grant

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANGEL NAVARRO

V. C. A. NO. 08-012 ML

A. T. WALL, ET AL

MEMORANDUM

Plaintiff has filed a motion with this Court seeking permission to allow discovery of documents, such as "duty rosters and personal records so the plaintiff can identify the officials who beat him up." Plaintiff has not made any attempt pursuant to Federal Rule of Civil Procedure 26(f) to confer with the Defendants' Counsel relative to disclosures and discovery, and thus, Plaintiff may not seek discovery from the Defendants pursuant to Federal Rule of Civil Procedure 26(d). Plaintiff’s motion is also not recognized by the Federal Rules of Civil Procedure as a vehicle for seeking discovery and accordingly, Defendants urge that this Court deny Plaintiff's motion at this time.

Plaintiff seeks duty rosters and personal records to enable the Plaintiff to identify the various officials involved. The Defendants would certainly object to any personal records being disseminated to Plaintiff. Plaintiff's request relative to duty rosters is too vague in light of scant facts contained in the complaint. The complaint alleges that beginning on November 26, 2004, plaintiff was visited by an FBI female agent seeking information. Plaintiff, throughout the complaint, does refer to coming in contact with various ACI staff; however, fails to identify the actors or dates involved. Defendants Wall and Weeden have filed a motion to dismiss with this Court on the basis that

dismissal is warranted in light of total lack of factual allegations asserted against them.

Accordingly, Defendants urge that the instant motion be denied.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864