# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**ANGEL NAVARRO**

**V.**                                                          **C.A. NO. 08-012ML**

**A.T. WALL, ET AL**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Angel Navarro, *pro se*, is an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island. Plaintiff filed the current action under 42 U.S.C. §1983 ("§1983") claiming that defendants A. T. Wall, Director of Rhode Island Department of Corrections ("Wall"); James Weeden, Warden of the maximum security facility ("Weeden"); and eight unnamed ACI staff members violated his constitutional rights designated as Jane and John Does (Docket # 1). Plaintiff alleges defendants placed his life in danger and caused him psychological harm by spreading rumors to ACI inmates that he was a police informant. He also claims that defendants' refusal to allow him to shower for thirteen consecutive days caused a rash he had to become infected for five months.

Defendants Wall and Weeden filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules") for failure to state a claim for which relief may be granted, or, alternatively, a motion for summary judgment under Federal Rule 56 for failure to exhaust administrative remedies required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (Docket # 8). This matter has been referred to me for recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons stated below, I recommend that the defendants' motion for summary judgment be GRANTED and the action be dismissed in its entirety. Accordingly, I need not reach defendants' motion to dismiss.

1

## BACKGROUND

The following facts are culled from plaintiff's complaint (Docket # 1). In March 2005, plaintiff testified in United States District Court against a Rhode Island sheriff. Thereafter, ACI correctional officers spread rumors that plaintiff was a police informant, leading to threats by fellow ACI inmates who deemed him a "snitch".

On April 3, 2005, plaintiff lied about having suicidal thoughts so he would be sent to the nurse at the intake center for safety. While at the intake center, he was forced to stay naked in a dirty cell on suicide watch. Also, for thirteen days, he was refused access to a shower, soap and medication for a pre-existing rash, causing a rash he had to become infected for five months.

After plaintiff returned to the maximum security facility on April 16, 2005, two gang members attempted to cut his face, but the lieutenant to whom plaintiff complained about the attack refused to take any action. Plaintiff was later moved to high security after a worker from Family Affairs intervened on his behalf.

## UNDISPUTED FACTS

It is undisputed that plaintiff waited over two and a half years before attempting to enlist the ACI grievance procedures to obtain a remedy regarding his treatment at the ACI. Between December 19, 2007 and December 26, 2007, plaintiff submitted four request slips (known as "Pink Slips") stating that prison staff had violated his constitutional rights and seeking formal grievance forms, and, on December 30, 2007, he submitted a Pink Slip requesting a meeting with Tony Amaral (Docket # 9, attachments). Plaintiff never filed formal grievance forms.

On January 9, 2008, plaintiff filed the instant §1983 action alleging violations of his First, Eighth and Fourteenth Amendment Rights by various staff and administration at the ACI.

## DISCUSSION

Defendants Wall and Weeden filed a motion urging dismissal based on both failure to state a claim under which relief may be granted pursuant to Rule 12(b)(6) and summary judgment pursuant to Rule 56. As I have determined that summary judgment requires dismissal of plaintiff's case in its entirety, I need not reach defendants' Rule 12(b)(6) motion.

## I.    Motion for Summary Judgment: Failure to Exhaust Administrative Remedies

### A.    Summary Judgment Standard

When a party moves for summary judgment, the Court must determine if there is any genuine dispute regarding a material fact and whether, based on the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Id.* A fact is material if it has the potential of determining the outcome. *Maymi v. Puerto Rico Ports Authority*, 515 F.3d 20, 25 (1st Cir. 2008). If any dispute regarding a material fact exists, the motion for summary judgment must fail. Fed.R.Civ.P 56(c).

In this case, defendants' basis for summary judgment, that plaintiff failed to exhaust his administrative remedies, is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910 (2007). Accordingly, defendants bear the burden of proof on the issue, and must provide conclusive evidence establishing the same. *See E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Ancantarillados de P.R.,* 279 F.3d 49, 55 (1st Cir. 2002).

### B.    Exhaustion of Administrative Remedies under PLRA

The PLRA amended 42 U.S.C. § 1997e to provide:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).   The PLRA requires "proper exhaustion" of administrative remedies, which means the plaintiff must utilize all administrative remedies provided by an agency and must comply with the agency's deadlines and other procedural rules prior to filing a federal lawsuit relating to the conditions of his or her confinement. *Woodford v. Ngo,* 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006).   The purpose of the exhaustion requirement is to afford "'corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter v. Nussle,* 534 U.S. 516, 525, 122 S.Ct. 983 (2002)).

### i.    Rhode Island Department of Corrections' Grievance Process

The Rhode Island Department of Corrections (the "RIDOC") has established a three-tiered inmate grievance process, as set forth in the *RIDOC Policy and Procedure, Policy Number 13.10*, p. 1-15 (hereinafter, the "Grievance Policy" or "Grievance Procedure").   As a threshold, the policy requires grievances to be filed within five days of the incident or within five days after the inmate becomes aware of the incident. *Id.* at 3.   The first tier of the Grievance Policy, or the informal process, requires that the inmate "seek resolution from the lowest level of the chain of command" using a RIDOC Request Form (Pink Slip). *Id.* at 6.   At the second tier, also known as the first of the 2-level formal grievance procedure, an inmate appeals to the warden of the facility where he resides by: (i) showing that he attempted to satisfy the grievance informally; (ii) obtaining a Request for Resolution of Grievance Form ("Formal Grievance Form"); and (iii) submitting the Formal Grievance Form to the warden. *Id.* at 7.   At the third tier, also known as the second level of the formal grievance procedure, the inmate fills out a Formal Grievance

Form, which is sent to the Departmental Grievance Coordinator for investigation and final decision by the RIDOC Director. *Id.* at 11.

ii.    **Plaintiff's Failure to Comply With Grievance Procedure**

In support of their motion for summary judgment for failure to exhaust administrative remedies, defendants attach a copy of the Grievance Policy and an affidavit of the RIDOC Grievance Coordinator, Robert McCutcheon (Docket # 8, Exhibits 1 & 2). In his affidavit, Mr. McCutcheon testifies that he reviewed plaintiff's files and found no record of the inmate filing a formal grievance (Docket # 8, Exhibit 1).

In response, plaintiff does not contend that he submitted Formal Grievance Forms; rather, he provides copies of the Pink Slips he submitted requesting Formal Grievance Forms (Docket # 9, attachments). Plaintiff suggests that, although he never exhausted the three-tier Grievance Procedure available to him at the ACI, his attempts to use the Grievance Procedure satisfy the PLRA exhaustion requirement. He suggests that (i) he followed the ACI Prisoner Handbook directions regarding grievances by submitting Pink Slips requesting Formal Grievance Forms and (ii) he had no other "available" remedies since the ACI staff did not respond to his requests. He thus contends that he should be allowed to pursue his claims in court.

Plaintiff's contentions, however, are without merit. While district courts within the First Circuit, relying on cases from various other circuits, have found that prison officials (i) can be estopped from claiming a prisoner's failure to exhaust administrative remedies as an affirmative defense, *see, e.g., Parker v. Robinson*, 2006 WL 2904780 (D.Me. 2006), or (ii) can render administrative remedies "unavailable" by preventing a prisoner from utilizing administrative remedies, *see, e.g., Perfetto v. New Hampshire State Prison, Warden*, 2008 WL 943372 (D.N.H. 2008), in this case, plaintiff's delay in resorting to the Grievance Procedure renders analysis of assertions of estoppel or unavailability of administrative remedies unnecessary. The events

5

about which plaintiff complains occurred in March and April 2005, but plaintiff did not submit his first Pink Slip regarding the matter until December 2007. As stated above, the Grievance Policy requires prisoners to submit their grievances within five days of an incident (or of the prisoner's learning of an incident), *RIDOC Policy and Procedure, Policy Number 13.10* at 3, yet plaintiff waited over two and a half years. Neither the directions in the Prisoner Handbook nor the defendants' alleged refusal to respond to plaintiff's Pink Slips caused plaintiff's failure to use the Grievance Procedure in a timely manner. Thus, plaintiff has no excuse for not complying with the Grievance Policy deadlines in order to properly exhaust his administrative remedies as required under the PLRA. *See Woodford,* 548 U.S. at 90.

Accordingly, I recommend that defendants' motion for summary judgment be GRANTED and that all of plaintiff's claims (including those lodged against yet-to-be-named John and Jane Does) be dismissed for plaintiff's failure to exhaust administrative remedies as required by the PLRA. I further recommend that such dismissal be with prejudice as it is far too late for plaintiff to exhaust his administrative remedies at the ACI regarding these claims.

## II.     Motion to Dismiss for Failure to State a Claim

As I have recommended that defendants' motion for summary judgment be granted and plaintiff's claims in their entirety be dismissed with prejudice for failure to exhaust administrative remedies, I need not address defendants' motion to dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For the reasons set forth above, I recommend that the defendants' motion for summary judgment be GRANTED and the action be DISMISSED.   Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d).   Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____

Jacob Hagopian
Senior United States Magistrate Judge
October 21, 2008